IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth D. Thomas,                    :

        Plaintiff              :        Civil Action 2:09-cv-00732

  v.                                  :        Judge Smith

Great Lakes Higher Education          :        Magistrate Judge Abel
and Key Bank,
                                      :
        Defendants

## Initial Screening Report and Recommendation

Plaintiff Kenneth D. Thomas brings this action seeking a judgment that he is not legally liable to defendants Great Lakes Higher Education and Key Bank for a student loan. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed unless plaintiff Thomas files an

amended complaint within thirty (30) days alleging the basis for this Court to exercise subject matter jurisdiction.

The complaint alleges that in early 2006 plaintiff Thomas enrolled in a 52-week electrician's helper certification course at Decker College in Louisville, Kentucky. After two weeks of classroom training, he returned home to complete the course on-line with occasional classroom session in Louisville. Shortly thereafter Decker College ceased operating. In connection with enrolling for the course at Decker College, Thomas had taken out a $3,794.93 student loan from defendant Key Bank. Defendant Great Lakes Higher Education purchased the loan from Key Bank. Great Lakes has demanded payment of the loan. The complaint alleges that Thomas should not be liable for the loan and seeks judgment that he is not legally obligated to pay the loan.

Analysis. Rule 8(a), Federal Rules of Civil Procedure, requires that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Part II of the form complaint Thomas executed requires the plaintiff to plead subject matter jurisdiction. Thomas did not check any of the boxes, and he did not write in the federal statute giving this Court subject matter jurisdiction over the claims pleaded in the complaint. It appears that there is no diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff is a resident of Ohio and both defendants apparently are headquartered in Ohio. The complaint does not expressly plead any claim arising under federal law. It does not point to any federal statute or federal program as giving rise to plaintiff's claims against defendant.

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed

unless plaintiff Thomas files an amended complaint within thirty (30) days alleging the basis for this Court to exercise subject matter jurisdiction. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge